# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Statesboro Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cramirez at 11:14 am, Dec 17, 2010

| | |
|---|---|
| In the matter of: ) | |
| ) | |
| GINA D. HOLLAND, ) | |
| (Chapter 7 Case Number <u>09-60066</u>) ) | |
| ) | |
| *Debtor* ) | |
| ) | |
| ANNE R. MOORE, TRUSTEE ) | Adversary Proceeding |
| ) | Number <u>09-06016</u> |
| *Plaintiff* ) | |
| ) | |
| v. ) | |
| ) | |
| WARREN BAKER HOLLAND and ) | |
| EVA WARREN HOLLAND ) | |
| ) | |
| *Defendants* ) | |

### MEMORANDUM AND ORDER
### ON TRUSTEE'S MOTIONS FOR SUMMARY JUDGMENT

#### FINDINGS OF FACT

Debtor and defendant Warren Holland ("Warren") married and purchased a house together at 607 Frances Lane, in Brooklet, Georgia (the "House"). <u>Warren Holland Deposition</u>, p. 8. The House was financed by First Bulloch Bank, and both Debtor and Wallace signed the note. <u>Id.</u> Debtor and Wallace also granted First Bulloch Bank a first priority deed to secure debt. Some years later, Wallace took out a second loan, secured by

a second deed to secure debt, with the proceeds going to pay off credit card debt incurred by Debtor. Id. Those transactions are not at issue in this case.

Some time later, on January 8, 2009, Debtor and Wallace entered into a divorce settlement agreement. Settlement Agreement, Dckt. No. 51-1 (October 20, 2010). As part of that agreement, Debtor transferred her interest in the House to Wallace via a quitclaim deed (the "Transfer"). Id. There was approximately $100,000.00 of equity in the House at that time. In re Holland, No. 09-60066 (Bankr. S.D. Ga. June 11, 2009) (Dalis, J.). That deed was dated January 8, 2009. Quitclaim Deed, Dckt. No. 42 (September 20, 2010). On January 27, 2009, Debtor commenced her Chapter 13 case. Petition, Case No. 09-60066, Dckt. No. 1. On March 9, 2009, a Final Judgment and Decree of Divorce was entered by the Superior Court of Bulloch County. Judgment, Dckt. No. 43 (September 20, 2010). That divorce decree incorporated the terms of the January 8, 2009, settlement agreement. Id. On June 11, 2009, Debtor's case was converted to a Chapter 7, and the case was referred to the Chapter 7 Trustee (the "Trustee") for review of the Transfer. In re Holland, No. 09-60066 (Bankr. S.D. Ga. June 11, 2009) (Dalis, J.) ("[T]he Debtor's surrender of her interest in real property equity on the eve of filing for bankruptcy merits review by the Chapter 7 Trustee.").

On October 15, 2009, the Trustee commenced this adversary proceeding, alleging that the Transfer from Debtor to Wallace was fraudulent, and therefore avoidable pursuant to 11 U.S.C. § 548(a)(1). On November 7, 2009, Wallace executed a $134,274.63

promissory note and deed to secure debt on the House to his sister, defendant Eva Warren Holland ("Eva"). Wallace filed an answer to the complaint in the adversary proceeding on November 17, 2009. Answer, Dckt. No. 7. The Trustee amended her complaint, adding Eva as a defendant and further alleging that the November 7, 2009, Transfer (from Wallace to Eva) was fraudulent under Georgia law. Amended Complaint, Dckt. No. 18 (Feb. 20, 2010). Eva answered and commenced a counterclaim for interference with contractual relations. Answer, Dckt. No. 23, p. 5 (April 16, 2010).

The Trustee filed a Motion for Summary Judgment against Warren and Eva, requesting that this court find both transfers to be fraudulent and enter judgment against Eva in the amount of $54,050.00.

## CONCLUSIONS OF LAW

Standard of Review

Bankruptcy Rule 7056 makes Federal Rule of Civil Procedure 56 applicable in adversary proceedings. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party has the burden of demonstrating that there is no dispute as to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156 (1970).

> Once this burden is met, the nonmoving party must present specific facts that demonstrate that there is a genuine dispute over material facts. Finally, a court reviewing a motion for summary judgment must examine the evidence in light most favorable to the non-moving party, and all reasonable doubts and inferences should be resolved in the favor of the non-moving party.

In re Williamson, 414 B.R. 895, 899 (Bankr. S.D. Ga. 2009) (Davis, J.) (citing In re Davis, 374 B.R. 362, 364 (Bankr. S.D. Ga. 2006)).

In the instant case, for the Trustee's motion to be successful, she would have to show that there is no dispute that the Transfer from Debtor to Warren was fraudulent *and* that the transfer from Warren to Eva was fraudulent.

The Transfer from Debtor to Warren

The Trustee has asked this Court to hold, as a matter of law, that the transfer from Debtor to Warren is fraudulent under 11 U.S.C. § 548(a)(1)(B). 11 U.S.C. § 548(a)(1)(B) provides that:

> (a)(1)The trustee may avoid any transfer . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily–
> . . .
>
> > (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

In short, the Trustee must prove in this case: that the transfer happened within two years of the petition date, that Debtor received less than reasonably equivalent value, and that Debtor was insolvent at the time of the transfer. There is no doubt that the transfer occurred within two years of the petition date.

Reasonably Equivalent Value

The Trustee contends that Debtor received nothing in exchange for the transfer, and as such, the transfer was a gift. Brief, Dckt. No. 45-2, p. 5 (September 22, 2010). However, the transfer occurred in the context of a marital division of property. This Court notes that the issue of "reasonably equivalent value" in marital division of property is not so simple. "The issue of whether a debtor received reasonable equivalent value is a question of fact that must be evaluated as of the date of the transaction." Kipperman v. Onex Corp., 411 B.R. 805, 837 (N.D. Ga. 2009) (quoting In re Joy Recovery Tech. Corp., 286 B.R. 54, 75 (Bankr. N.D. Ill. 2002)); Matter of Cavalier Homes of Georgia, Inc., 102 B.R. 878, 886 (Bankr. M.D. Ga. 1989) ("Reasonable equivalent should depend on the facts of each case.").

The transfer of the house was not a gift, but rather was one of many provisions of a marital property division. Settlement Agreement, Dckt. No. 51-1 (October

20, 2010). In <u>In re Erlewine</u>, a wife and her husband divorced, and the husband received custody of the child and more than 50% of the assets pursuant to the divorce decree. 349 F.3d 205, 207 (5th Cir. 2003). The wife then filed bankruptcy and the trustee sought to have the property division set aside, alleging that by the very terms of the divorce decree, the debtor received unreasonable value. <u>Id.</u> The bankruptcy court held that the property division could not be set aside under 11 U.S.C. § 548(a)(1)(B). The court of appeals affirmed, holding that "the divorce[,] . . . which was fully litigated, without any suggestion of collusion, sandbagging, or indeed any irregularity-should not be unwound by the federal courts merely because of its unequal division of marital property." <u>Id.</u> at 212-13. The court noted that the debtor was responsible for spending a disproportionate share of community assets and refused to find as a matter of law that, because debtor received less than half of the property, debtor did not receive reasonably equivalent value.

In <u>In re Zerbo</u>, the trustee brought a § 548 fraudulent transfer action against the defendant, the debtor's ex-wife. 397 B.R. 642. The husband had agreed, as part of a divorce settlement agreement, to allow the ex-wife to retain the marital residence. This settlement was later incorporated into a decree of divorce, which directed the parties to comply with it. The husband later declared bankruptcy, and the trustee sought to have the transfer set aside for lack of reasonably equivalent value in the exchange. The court held that "absent collusion or extrinsic fraud, the division of marital property made a part of a divorce decree is conclusively determined to be for reasonably equivalent value under Section 548

. . . ." Id. at 654.

In the instant case, the Trustee has presented no evidence to support the contention that the transfer was made without receiving reasonably equivalent value (other than the fact that no cash exchanged hands), or that the transfer was collusive. While the Trustee has pointed to the fact that Debtor received no money for the transfer, this fact alone is insufficient for me to find that there was no reasonably equivalent value exchanged. While I do not adopt the holding which conclusively upholds marital divisions or property in the absence of collusion or fraud, I do hold that reasonable equivalence is a question of fact, and not a proper subject for summary judgment. I refuse to hold that each piece of property in a divorce settlement must, as a matter of law, be divided "50/50" to constitute reasonably equivalent value. The Trustee has failed to show this Court that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). I find that there is a dispute as to at least one material fact, namely, whether Debtor received reasonably equivalent value for her interest in the House. The evidence, when viewed in a light most favorable to Debtor (the non-moving party), fails to show that the transfer was fraudulent. That reasonable doubt is resolved in the favor of Debtor, and the Trustee's motion must be denied.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Chapter 7 Trustee's Motion for Summary Judgment is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 16th day of December, 2010.